(159 App. Div. 415.)

ESTATES DEVELOPMENT CO. et al. v. GALLAGHER et al.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

1. LANDLORD AND TENANT (§ 299*)—SUMMARY PROCEEDINGS—INJUNCTION.
     Code Civ. Proc. § 2265, subd. 2, provides that, after a final order in sum-
     mary proceedings, an injunction shall not be granted restraining the exe-
     cution thereof except in a case where an injunction would be granted to
     stay execution of a final judgment in ejectment and on like terms.  *Held*
     that, where a final order dispossessing defendants' tenant from the prem-
     ises in controversy had been entered, in an action in which neither plain-
     tiff nor its tenant was a party, the fact that plaintiff claimed title to the
     premises adverse to defendants, and that they had threatened to oust
     plaintiff's tenant under the execution, was not ground for restraining the
     enforcement of the final order, on a complaint in which plaintiff failed to
     plead its title or interest in the property except by an unsupported alle-
     gation that it owned the property.
     [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
     1281, 1282; Dec. Dig. § 299.*]

2. LANDLORD AND TENANT (§ 63*)—LANDLORD'S TITLE—CONTEST.
     One who takes a lease of real property from another is estopped to dis-
     pute his landlord's title.
     [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
     159–163, 165–167, 169, 172–176; Dec. Dig. § 63.*]

     Scott, J., dissenting.

Appeal from Special Term, New York County.

Suit by the Estates Development Company and another against
John F. Gallagher and others.  From an order granting a preliminary
injunction, defendants appeal.  Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT,
DOWLING, and HOTCHKISS, JJ.

Julius D. Tobias, of New York City (Isaac Josephson and Ernest
Krasman, both of New York City, of counsel), for appellants.

Harold Swain, of New York City, for respondents.

INGRAHAM, P. J.  The complaint alleges that the plaintiff corpo-
ration is the owner of certain premises in the county of Bronx; that
in October, 1912, one Judge was in possession of the premises, claim-
ing title under a lease from the defendants Gallagher, who claimed
some interest in the premises; that in October, 1912, the plaintiff
corporation caused said Judge to be removed from said premises,
and it remained in possession thereof until April, 1913, when it leased
said premises to one Rees, and Rees took possession of said prem-
ises; that May 20, 1913, said Gallaghers began special proceedings
in the Municipal Court of the City of New York to dispossess the
said Judge from said premises, and that on June 3, 1913, an order
was made and entered directing that a warrant issue for the purpose
of removing said Judge from said premises; that in pursuance of said
warrant the defendants Gallagher have threatened to remove Rees
from said premises; that said defendants Gallagher have no right,
title, or interest whatsoever in or to the said premises, and demanding
judgment, enjoining and restraining the defendants and each of them

from entering upon the said premises and from removing therefrom the plaintiff Rees or any person employed by him, or in any way taking possession of or interfering with the said premises, and enjoining and restraining the defendants from delivering possession of the said premises to the said defendants Gallagher pending the final determination of this action. Upon this complaint an application was made for a temporary injunction, restraining the marshal to whom the dispossess warrant had been delivered from removing the plaintiff Rees from the premises or in any way taking possession of or interfering with said premises or delivering possession of said premises to defendants Gallagher, and from the order continuing such injunction the defendants appeal.

The defendants claim title to the premises under a deed from the supervisor and justices of the peace of the town of Westchester to the predecessors in title of defendants Gallagher dated, March 21, 1883, and allege that they have been in undisputed possession of the premises since that time. On February 21, 1910, the defendants leased the said premises to Judge, for the term of five years from the 1st of February, 1910, at an annual rental of $1,000, and it appears that Judge entered into possession of these premises under this lease and continued to occupy them for some time. The plaintiff corporation alleges that in some way not disclosed they had ejected Judge from the premises and. leased them to Rees. It appeared as a fact that Judge was on and about the premises until the time the warrant was issued to the defendants, that a liquor business was then conducted in his name, and that, when dispossess proceedings were instituted by the defendants against Judge, the latter appeared as tenant and interposed an answer in the proceedings, but a final order was granted and a warrant issued. Neither in the complaint nor in the affidavit does the plaintiff corporation attempt to establish any interest in the property save by the bare, unsupported allegation that it owns the property; nor are any facts stated to show how said Judge was dispossessed of the possession of the property, the plaintiff corporation resting on the naked allegation that Judge had in some undisclosed way been dispossessed; nor is there any denial of the fact that defendants have been in undisputed possession of the property since 1883.

[1] Subdivision 2, § 2265, provides that an injunction shall not be granted "after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action (ejectment), and upon the like terms." In this case nothing appears to justify the court in restraining the execution of a judgment in ejectment. Whether or not a temporary injunction shall issue is always in the discretion of the court. The court is not justified in granting an injunction to protect the possession of real property unless the plaintiff, who comes into court, establishes some interest or title to the property. It is said that neither the plaintiff corporation nor Rees was a party to that proceeding. If they are actually in good faith in possession of the property, they can resist the execution of process by the marshal, and the courts can then afford them the re-

dress to which they may be entitled. Plaintiffs established no title or interest in the property as against the persons who have been in undisputed possession for 30 years.

[2] Judge took title under a lease from the defendants. He therefore could not dispute the defendants' title. There is no fact showing how Judge was dispossessed or the facts upon which the plaintiff corporation bases its claim to possession, and, in the absence of the proof of some facts showing either title in the plaintiff corporation or actual possession in the plaintiff corporation or its lessee Rees, certainly an injunction was not justified.

It follows therefore that the order must be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

SCOTT, J. (dissenting). I dissent. It seems to me that this is essentially a case in which the status quo should be preserved by means of a temporary injunction until the trial. The property is of such a nature that its use during the winter season can be of little value, and there should be no difficulty in trying the cause before spring.

The injunction only runs to protect Rees, plaintiff's tenant, from physical expulsion under process issued in a proceeding to which he was neither a party, nor privy to a party.

Summary proceedings are not a proper method of testing title to real estate. The plaintiff claims to be in possession, through its tenant, not in subordination to, but in hostility to, defendant's title. If it is actually in possession under a claim of title, and there is no evidence to the contrary but merely suspicion, its right to possession could not have been tried in the summary proceedings even if it or its tenants had been made parties to the proceeding, as however they were not. If plaintiffs really have title, and have obtained possession, no matter how, they cannot legally be ousted in summary proceedings.

I am therefore of opinion that the order should be affirmed.